CARRIERS (§ 333*) — PASSENGERS — INJURIES TO PASSENGERS — CONTRIBUTORY NEGLIGENCE.

> A trolley car passenger of mature age, who in broad daylight rides on an open car with seats placed across the car so that she may alight on either side, and see existing conditions, and who may alight with safety on the station side, but who alights on the opposite side where there is a drop from the car step to the ground of about 30 inches, is as a matter of law guilty of contributory negligence.

> [Ed. Note.—For other cases, see Carriers, Cent, Dig. §§ 1385, 1386, 1388–1397;  Dec. Dig. § 333.*]

Appeal from Rensselaer County Court.

Action by Betsy Rosenthal against the Troy & New England Railway Company.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed, and complaint ordered dismissed, with costs.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

P. C. Dugan, of Albany, for appellant.
John P. Judge, of Troy, for respondent.

SMITH, P. J.  The action is for damages caused, it is claimed, by the negligence of the defendant.  The defendant operates a trolley road, single track, between Albia, a suburb of the city of Troy, and Averill Park, Rensselaer county, N. Y.  The road is about six miles in length and runs through an open country.  Snyder's Station where the accident occurred is about midway between Albia and Averill Park. At Snyder's Station there is a platform placed upon the south side of the track, running some distance along the track, upon which one may alight with perfect safety.  There is no platform upon the opposite side of the track, and there is a drop from the car step to the ground of about 30 inches.  The plaintiff was thoroughly familiar with the situation.  Upon the day in question she was riding in an open car, the seats upon which were placed across the car, so that she could get out upon either side.  At the time of the accident it was in broad daylight, so that she could see perfectly the existing conditions.  When the car stopped, instead of getting out upon the platform side, she chose to get out upon the other side where there was no platform, and in stepping from the car to the ground her foot slipped and she fell. For the injuries sustained by reason of this accident she has recovered a verdict against the trolley company of $500.

The ground of negligence alleged is that a platform was not provided upon both sides of the car.  It is alleged that others had gotten off theretofore upon the north side of the car, where there was no platform, and had fallen.  Plaintiff in her complaint did not specify as a ground of negligence the failure of the conductor to warn her or to drop a bar upon the north side of the car so as to compel her to get off

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon the station side, and the court charged the jury that no negligence could be predicated thereupon.

This judgment can only stand upon the theory that the trolley company is bound to furnish a personal guardian for each individual passenger. If this accident had happened at night where the situation could not be seen, it might well be claimed that the company was either bound to furnish a safe exit upon both sides of the car, or in some way to warn the passengers that they must get out upon the station side. In broad daylight a passenger of mature age is supposed to exercise a little common sense. With a perfectly safe opportunity to alight upon the station side, when she chose to alight upon the side upon which a platform was not provided, she took her chances, and any injury resulting therefrom was due to her own negligence. In my view of the case the plaintiff was guilty of contributory negligence as matter of law, and the judgment should be reversed, with costs, and the complaint should be dismissed, with costs.

Judgment and order reversed on law and facts, with costs, and complaint dismissed, with costs. All concur. The finding of fact of which the court disapproves is that the plaintiff was free from contributory negligence.